### COMMONWEALTH *vs.* MICHAEL FLYNN.

A complaint for an offence committed in the night-time of a particular day may be dated on the same day.

Where, in an indictment for perjury, it appeared, that the defence set up to a criminal complaint amounted to an *alibi;* that the testimony of a particular witness who was examined thereon, and whose evidence was alleged to be false, tended to establish this defence; and it was averred, that each and every part of the testimony became and was material to the defence; it was held, that the materiality of the alleged false testimony was sufficiently stated in the indictment.

A charge in a complaint before a justice of the peace, that the defendant " did feloniously, &c., set fire, in the night-time, to the barn of one G. M., with intent to burn and destroy the same," whether equivalent or not to a charge of actual burning, imports the commission of a high criminal offence, of which the justice has jurisdiction so far as to hear the evidence, and to adjudge whether the defendant shall be held to answer further before a higher tribunal.

THE defendant was tried in the court of common pleas, before *Mellen*, J., on an indictment for perjury. The indictment alleged, that "on the 6th of November now last past," one Joshua K. Rogers went before a justice of the peace, and entered a complaint, that one James M'Nelly, "on the 6th of November, now last past," did feloniously, wilfully, and maliciously set fire, "in the night-time," to the barn of one George Millard, with intent to burn and destroy the same, &c. ; that the defendant appeared on the hearing of the complaint as a witness for M'Nelly, and was sworn and testified as such ; that it became and was a material question in the defence set up by M'Nelly, whether he was not, during the evening of the said 6th of November, in a situation where he could not possibly set the fire with which he was charged in the complaint ; and that the defendant testified thereupon that M'Nelly was not out of his the defendant's house during that evening, from before dark until nine o'clock, and that he, the defendant, was at home all the evening from about dark until nine o'clock, except being absent about fifteen minutes going to and returning from the house of one Dimond, and that he, the defendant, was not on Eagle street, during the evening, and that he was not off of his premises on that evening, except when he went to the house of one Dimond about eight o'clock.

The indictment further alleged, that each and every part of the defendant's testimony aforesaid, on the hearing, became and was material evidence to the defence so set up by M'Nelly ; that M'Nelly was out of the defendant's house after dark, and before nine o'clock, on the evening in question ; that the defendant was not at home at his own house all the evening from about dark until nine o'clock the same evening, except being absent about fifteen minutes going to and returning from the house of Dimond; that the defendant was on Eagle street during that evening ; and that the defendant was off of his premises during that evening at other times than when he went to Dimond's.

The defendant, being convicted, moved in arrest of judg-

ment, on three grounds : 1. Because it did not appear in the indictment, that at the time when the complaint was made against M'Nelly, the offence therein charged had then been committed ; 2. Because the indictment does not allege, that the false testimony therein charged was material to the issue between the commonwealth and M'Nelly ; 3. Because no offence is set forth in the indictment. This motion was overruled, and the defendant alleged exceptions.

*J. C. Wolcott*, for the defendant.

*Clifford*, attorney general, for the commonwealth.

DEWEY, J. 1. The objection taken to the sufficiency of this indictment, as respects the original complaint therein recited, and the proceedings before the justice, is certainly untenable. It is insisted, inasmuch as the complaint bears date November 6th, and charges an offence to have been committed in the night-time of that day, that it necessarily alleges an act which is future in time to the act of making the complaint. This is an entirely incorrect view of the matter. If this complaint was in fact made at any time preceding twelve o'clock at midnight, on the 6th of November, it would be correctly described as made on the sixth, and would embrace the entire period of one hour after sunsetting to fifty-nine minutes past eleven at night of that day, or to whatever other hour of the evening at which the complaint was made. The date of the complaint is entirely consistent therefore with an allegation of an offence committed by the defendant therein named before the making of the complaint. Indeed, if this objection could avail in the present case, it would equally well apply in all cases of complaints bearing date the same day with that on which the offence was committed ; for the objection would equally arise, that the alleged time of the committing of the offence charged, taking it in its broadest extent, would include a period of time that might possibly be subsequent to the time of making the complaint.

2. It is objected to the sufficiency of this indictment, that it does not allege, that the false testimony given by the witness, on the hearing of the complaint, was material to the

issue between M'Nelly and the commonwealth. This objection appears to be founded on some misapprehension, as to the allegations contained in the indictment. The materiality of the testimony given by the defendant seems to be alleged very fully; first, indirectly, by the averment of the nature of the defence, which M'Nelly set up, amounting to an *alibi*, in connection with the further statement of the alleged false testimony of the defendant given upon the trial, thus showing the application of the latter to the case; and, secondly, by the direct averment, that "each and every part of the testimony aforesaid of said Flynn, then and there, on the hearing and trial aforesaid, became and was material evidence to the defence so set up by said James M'Nelly."

3. It is then further objected, that no criminal offence was charged in the complaint against M'Nelly; and hence it is argued, that no jurisdiction on the part of the justice, or any case pending in which perjury could be committed, is alleged in the indictment. The position here taken is, that the offence charged was, "that the said M'Nelly did feloniously, wilfully and maliciously set fire in the night-time to the barn of one George Millard, with intent to burn and destroy the same;" and it is contended, that the only proper mode of charging the offence was either that of an actual burning, or an attempt to burn, and that setting fire to a building differs from burning it.

It is true, that the Rev. Sts. *c.* 126, in all the sections relating to arson and other criminal burning, use the phraseology "Every person who shall wilfully and maliciously burn," &c. In other states, as New York, for example, in describing the offence, the terms, "set fire to, or burn," are used. In the opinion of the court, it is immaterial whether the statement in the complaint be taken as equivalent to a charge of the actual burning of a building, or of something less. Assuming either to be correct, it imported a charge of a high criminal offence, of which the justice had jurisdiction so far as to hear the evidence, and adjudge whether the party should be held to answer further before a higher tribunal. It may be

further added, that less precision as to the offence charged would be required in this preliminary proceeding, before a justice of the peace, than in an indictment. There seems, therefore, no sufficient ground for arresting the judgment.